**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | Case No. 14-CV-122S |
| Plaintiff, | **STIPULATED PRELIMINARY INJUNCTION** |
| v. | |
| **FEDERAL CHECK PROCESSING, INC.**, *et al.,* | |
| Defendants, and | |
| **EMPOWERED RACING LLC**, | |
| Relief Defendant. | |

Plaintiff Federal Trade Commission ("FTC") commenced this civil action on February 24, 2014, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) , and Section 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a).  On motion by the FTC, on February 24, 2014, this Court entered an *ex parte* temporary restraining order ("TRO") with asset freeze, appointment of a receiver, and other equitable relief against Defendants Federal Check Processing, Inc., Federal Recoveries, LLC, Federal Processing, Inc., Federal Processing Services, Inc., United Check Processing, Inc., Central Check Processing, Inc., Central Processing Services, Inc., Nationwide Check Processing, Inc., American Check Procesing, Inc. (a/k/a American Check Processing, Inc.), State Check Processing, Inc., Check Processing, Inc., US Check Processing, Inc., Flowing Streams, F.S., Inc., Mark Briandi, and William Moses, and Relief Defendant Empowered Racing LLC.  On March 5, 2014, this Court extended the TRO until March 20, 2014.  On March 17, this Court extended the TRO until March 24, 2014.   The FTC, Defendants Federal Check Processing, Inc., Federal Recoveries, LLC, Federal Processing, Inc., Federal Processing Services, Inc., United Check

Processing, Inc., Central Check Processing, Inc., Central Processing Services, Inc., Nationwide

Check Processing, Inc., American Check Procesing, Inc. (a/k/a American Check Processing,

Inc.), State Check Processing, Inc., Check Processing, Inc., US Check Processing, Inc., Flowing

Streams, F.S., Inc., Mark Briandi, and William Moses (Stipulating Defendants), and the Receiver

have stipulated and agreed to the entry of this preliminary injunction order ("Order").

## FINDINGS OF FACT

By stipulation of the parties, the Court finds as follows:

1.  The FTC and the Stipulating Defendants have stipulated and agreed to the entry of this

    preliminary injunction order without any admission of wrongdoing or violation of law,

    and without a finding by the Court – either of law or fact – other than that stated below.

2.  This Court has jurisdiction over the subject matter of this case, there is good cause to

    believe it will have jurisdiction over all the parties hereto, and venue in this district is

    proper.

3.  Stipulating Defendants waive all rights to seek judicial review or otherwise to challenge

    or contest the validity of their Stipulation hereto or to this order.

4.  The FTC asserts there is good cause to believe that the Stipulating Defendants have

    engaged and are likely to continue to engage in acts or practices that violate Section 5(a)

    of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. §§ 1692-1692p, and the

    FTC also asserts that the FTC is therefore likely to prevail on the merits of this action.

5.  The FTC asserts there is good cause to believe that consumers will suffer immediate and

    continuing harm from Stipulating Defendants' ongoing violations of Section 5(a) of the

    FTC Act and the FDCPA unless the Stipulating Defendants are restrained and enjoined

    by order of this Court.

6.      The FTC asserts there is good cause for continuing the receivership over the Stipulating

Receivership Defendants (as defined herein), and continuing the asset freeze as modified

below.

7.      No security is required of any agency of the United States for issuance of a preliminary

injunction. <u>See</u> Fed. R. Civ. P. 65(c).

8.      The entry of this Preliminary Injunction is in the public interest.

## DEFINITIONS

A.      "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or

personal property, including, without limitation, chattels, goods, instruments, equipment,

fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks,

notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever

located.

B.      "**Consumer**" means any person.

C.      "**Corporate Defendants**" means Federal Check Processing, Inc. (a New York

corporation), Federal Recoveries, LLC (a New York limited liability company), Federal

Processing, Inc. (a New York corporation), Federal Processing Services, Inc., (a New

York corporation), United Check Processing, Inc., (a New York corporation), Central

Check Processing, Inc. (a New York corporation), Central Processing Services, Inc., (a

New York Corporation), Nationwide Check Processing, Inc., a/k/a National Processing

Services (a Colorado Corporation), American Check Procesing, Inc., a/k/a American

Check Processing, Inc., (a New York corporation), State Check Processing, Inc., (a New

York corporation), Check Processing, Inc., (a New York corporation), US Check

Processing, Inc., a/k/a U.S. Check Processing, Inc. (a New York Corporation); Flowing

Streams, F.S., Inc. (a New York corporation), and their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

D.    "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

E.     "**Document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which the information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

F.    "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

G.    "**Individual Defendants**" means Mark Briandi and William Moses.

H.    "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

I.    The terms "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

J.    "**Stipulating Defendants**" means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

K.   **"Stipulating Receivership Defendants"** means the Corporate Defendants, as well as any other business related to the Defendants' debt collection business and which the Receiver has reason to believe is owned or controlled in whole or in part by any of the Defendants.

## ORDER

## PROHIBITED REPRESENTATIONS

I.   **IT IS THEREFORE ORDERED** that in connection with the collection or the attempted collection of any debt, Stipulating Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are enjoined from:

A.   Misrepresenting, or assisting others who are misrepresenting, expressly or by implication, orally or in writing, any of the following:

1.   that consumers have committed check fraud or another criminal act;

2.   that Stipulating Defendants are affiliated with government entities, including law enforcement agencies;

3.   that non-payment of a purported debt will result in a consumer's arrest, or in the seizure, garnishment, or attachment of a consumer's property or wages;

4.   that any Stipulating Defendant or any other person has taken, intends to take, or has authority to take formal legal action against a consumer who fails to pay any debt; or

5.   the character, amount, or legal status of a debt;

B.     Communicating with any person other than the consumer; the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator; the consumer's attorney; a consumer reporting agency if otherwise permitted by law; the creditor; the attorney of the creditor; or the attorney of the debt collector; for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post-judgment judicial remedy;

C.     Failing to disclose or disclose adequately in the initial communication with a consumer that any Stipulating Defendant or any other person is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose;

D.     Threatening to take action that is not lawful or that any Stipulating Defendant or any other person does not intend to take;

E.     Using any false representation or deceptive means to collect or attempt to collect a debt, or to obtain information concerning a consumer; and

F.     Failing to provide consumers, within five days after the initial communication with a consumer, a written notice containing:  (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Stipulating Defendants; (4) a statement that if the consumer notifies Stipulating Defendants in writing within the thirty-day period that the debt, or any portion thereof, is

disputed, Stipulating Defendants will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by Stipulating Defendants; and (5) a statement that, upon the consumer's written request within the thirty-day period, Stipulating Defendants will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## ASSET FREEZE

**II.   IT IS FURTHER ORDERED** that:

A.   Except as set forth in Section **II. B** of this Order, Stipulating Defendants are hereby restrained and enjoined from directly or indirectly:

    1.   Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, or any other assets, or any interest therein, wherever located, including outside the United States, that are:  (1) owned or controlled, directly or indirectly, by any Stipulating Defendant, in whole or in part, or held, in whole or in part for the benefit of any Stipulating Defendant; (2) in the actual or constructive possession of any Stipulating Defendant; or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Stipulating Defendant including but not limited to any

assets of the Stipulating Receivership Defendants, and any assets held by, for, or under the name of any Stipulating Defendant at any bank or savings and loan institution of any Stipulating Defendant, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

2.    Opening or causing to be opened any safe deposit boxes titled in the name of any Stipulating Defendant, or subject to access by any Stipulating Defendant;

3.    Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of any Stipulating Defendants;

4.    Incurring liens or encumbrances on real property, personal property or other  assets in the name, singly or jointly, of any Stipulating Defendant; and

5.    Cashing any checks from consumers, clients, or customers of any Stipulating Defendant.

6.    The funds, property, and assets affected by this Section shall include:  (a) all assets of each Stipulating Defendant as of the time this Order is entered, and (b) those assets obtained after entry of this Order that are obtained from any debt collection activities that predate the entry of this Order.

B.    The following provisions apply to the asset freeze:

1.      At Defendant Briandi's request, RBS Citizens Bank shall transfer up to a total of $12,500 from bank accounts numbered xxxx9564, xxxx3382, xxxx5991, and xxxx2564 in the name of Mark Briandi to the law office of Mark D. Grossman for attorneys' fees.  Effective immediately, the asset freeze provisions of this Order shall not apply to RBS Citizens Bank account numbered xxxx8150 in the name of Mark Briandi, for necessary living expenses.  Effective April 1, 2014, the asset freeze provisions of this Order shall not apply to RBS Citizens Bank account numbered xxxx1913 in the names of Mark Briandi and Jennifer Briandi, for necessary living expenses.  Effective May 1, 2014, the asset freeze provisions of this Order shall not apply to RBS Citizens Bank accounts numbered xxxx9564, xxxx3382, xxxx5991, and xxxx2564 in the name of Mark Briandi, for necessary living expenses.

2.      At Defendant Moses' request, RBS Citizens Bank shall transfer up to $12,500 from bank account numbered xxxx6491 in the name of William Moses to the law office of Mark D. Grossman for attorneys' fees.  Defendant Moses may make a transfer of up to $5,500 from bank account numbered xxxx6491 in the name of William Moses, for necessary living expenses. Defendant Moses may make an additional transfer of up to $5,500 on or after April 1, 2014, from bank account numbered xxx6491 in the name of William Moses, for necessary living expenses.  Defendant Moses may make an additional transfer of up to $5,500 on or after May 1, 2014, from bank account numbered xxxx6491 in the name of William Moses, for necessary living expenses.

3.      The Individual Defendants may retain and spend income received from employment performed after the date of entry of this Order.  Further, the Individual Defendants may retain and spend assets acquired by loan or gift after the date of entry of this Order only after identifying such assets to FTC counsel. This notice provision does not apply to loans or gifts valued at less than $500.

## RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

III.    **IT IS FURTHER ORDERED** that any financial or brokerage institution or depository, escrow agent, title company, commodity trading company, trust, entity, or person that holds, controls, or maintains custody of any account or asset owned or controlled, directly or indirectly, by any Stipulating Defendant, or has held, controlled, or maintained any account or asset of, or on behalf of, any Stipulating Defendant, upon service with a copy of this Order, shall:

A.      Hold and retain within its control and prohibit any Stipulating Defendant from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any accounts, assets, funds, or other property that are owned by, held in the name of, for the benefit of, or otherwise controlled by, directly or indirectly, any Stipulating Defendant, in whole or in part, except or as directed by further order of the Court or as directed in writing by the Receiver regarding accounts, documents, or assets owned by, held in the name of, for the benefit of, or otherwise controlled by, any Stipulating Receivership Defendant;

B.      Deny the Stipulating Defendants access to any safe deposit box titled in the name of any Stipulating Defendants, individually or jointly, or subject to access by any Stipulating Defendants, whether directly or indirectly.

C.      Provide counsel for Plaintiff and the Receiver, within three business days after being served with a copy of this Order, a certified statement setting forth:

   1.      the identification number of each such account or asset titled (1) in the name, individually or jointly, of any Stipulating Defendants; (2) held on behalf of, or for the benefit of, any Stipulating Defendants; (3) owned or controlled by any Stipulating Defendants; or (4) otherwise subject to access by any Stipulating Defendants, directly or indirectly;

   2.      the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted;

   3.      the identification of any safe deposit box that is either titled in the name of any Stipulating Defendants, or is otherwise subject to access by any Stipulating Defendants; and

   4.      if an account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance on such date, and the manner in which such account or asset was closed or removed.

D.     Provide counsel for Plaintiff and the Receiver, within three (3) business days after being served with a request, copies of all documents pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee.

E.     *Provided*, that a financial institution does not have to provide the information required in this sub-section if (1) the financial institution has complied with the similar provision set forth in the TRO; and (2) the information provided has not changed.

## FINANCIAL STATEMENTS AND ACCOUNTING

**IV.**    **IT IS FURTHER ORDERED** that each Defendant, within three business days of service of this Order, shall prepare and deliver to counsel for the FTC:

A.     For the Individual Defendants, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC counsel) on the form of **Attachment A** to this Order captioned, "Form Re:  Financial Statement for Individual Defendant."

B.     For the Corporate Defendants, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC counsel) in the form of **Attachment B** to this Order captioned, "Form Re:  Financial Statement for Business Entity Defendant."

C.   For each Stipulating Defendant, a completed statement, verified under oath, of all payments, transfers or assignments of funds, assets, or property worth $1,000 or more since January 1, 2010.  Such statement shall include:  (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the transfer or assignment; and (d) the type and amount of consideration paid the Defendant.  Each statement shall specify the name and address of each financial institution and brokerage firm at which the Defendant has accounts or safe deposit boxes.  Said statements shall include assets held in foreign as well as domestic accounts.

D.   *Provided*, the Stipulating Defendants do not have to provide such financial reports if (1) they have complied with the similar provision set forth in the TRO; and (2) the information provided has not changed.

## CONSUMER CREDIT REPORTS

V.   **IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Stipulating Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## REPATRIATION OF FOREIGN ASSETS

VI.   **IT IS FURTHER ORDERED** that, within five business days following the service of this Order, each Stipulating Defendant shall:

A.   Provide counsel for the FTC with a full accounting of all assets, accounts, funds, and documents outside of the territory of the United States that are held either:

(1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B.      Transfer to the territory of the United States all assets, accounts, funds, and documents in foreign countries held:  (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

C.      Hold and retain all repatriated assets, accounts, funds, and documents, and prevent any transfer, disposition, or dissipation whatsoever of any such assets, accounts, funds, or documents; and

D.      Provide the FTC access to all records of accounts or assets of the Defendants held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order as **Attachment C**.

E.      *Provided*, the Defendants do not have to provide such financial reports if (1) they have complied with the similar provision set forth in the TRO; and (2) the information provided has not changed.

## NON-INTERFERENCE WITH REPATRIATION

**VII.   IT IS FURTHER ORDERED** that Stipulating Defendants and each of their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section VI of this Order, including but not limited to:

A.   Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to Section VI of this Order; and

B.   Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section VI.

## CONTINUATION OF RECEIVER

**VIII.   IT IS FURTHER ORDERED** that William J. Brown shall continue to serve as Receiver for the business activities of the Stipulating Receivership Defendants with the full power of an equity receiver.  The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order.  The Receiver shall be accountable

directly to this Court.  The Receiver shall comply with any laws and Local Rules of this Court governing receivers.

## DUTIES OF RECEIVER

**IX.**   **IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.   Assume full control of the Stipulating Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants, including any named Defendant, from control of, management of, or participation in, the affairs of the Stipulating Receivership Defendants;

B.   Take exclusive custody, control, and possession of all assets, documents, and electronically stored information of, or in the possession, custody, or under the control of, the Stipulating Receivership Defendants, wherever situated.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants. *Provided, however,* that the Receiver shall not attempt to collect or receive any amount from a consumer if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the complaint in this matter;

C.   Take all steps necessary to secure the business premises of the Stipulating Receivership Defendants.  Such steps may include, but are not limited to, the following, as the Receiver deems necessary or advisable:

1.    serving and filing this Order;

2.    completing a written inventory of all Receivership assets;

3.    obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

4.    videotaping all portions of the location;

5.    securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location;

6.    requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants; and

7.    requiring all employees, independent contractors, and consultants of the Receivership Defendants to complete a questionnaire submitted by the Receiver;

D.    Conserve, hold, and manage all Receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the

Receivership Defendants, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

E.  Liquidate any and all securities or commodities owned by or for the benefit of the Stipulating Receivership Defendants that the Receiver deems to be advisable or necessary;

F.  Enter into contracts and purchase insurance as the Receiver deems to be advisable or necessary;

G.  Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Stipulating Receivership Defendants;

H.  Manage and administer the business of the Stipulating Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

I.  Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

J.  Make payments and disbursements from funds of any of the Corporate Defendants that are part of the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Stipulating Receivership Defendants prior

to the date of entry of this Order, except payments that the Receiver deems

necessary or advisable to secure assets of the Stipulating Receivership

Defendants, such as rental payments;

K.     Determine and implement the manner in which the Stipulating Receivership

Defendants will comply with, and prevent violations of, this Order and all other

applicable laws, including, but not limited to, revising sales materials and

implementing monitoring procedures;

L.     Institute, compromise, adjust, appear in, intervene in, or become party to such

actions or proceedings in state, federal, or foreign courts that the Receiver deems

necessary and advisable to preserve or recover the assets of the Stipulating

Receivership Defendants, or that the Receiver deems necessary and advisable to

carry out the Receiver's mandate under this Order;

M.     Defend, compromise, adjust, or otherwise dispose of any or all actions or

proceedings instituted in the past or in the future against the Receiver in his role

as Receiver, or against the Stipulating Receivership Defendants, that the Receiver

deems necessary and advisable to preserve the assets of the Stipulating

Receivership Defendants or that the Receiver deems necessary and advisable to

carry out the Receiver's mandate under this Order;

N.     Continue and conduct the business of the Stipulating Receivership Defendants in

such manner, to such extent, and for such duration as the Receiver may in good

faith deem to be necessary or appropriate to operate the business profitably and

lawfully, if at all; *provided, however,* that the continuation and conduct of the

business shall be conditioned upon the Receiver's good faith determination that

the businesses can be lawfully operated at a profit using the assets of the

receivership estate;

O.     Take depositions and issue subpoenas to obtain documents and records pertaining

to the receivership estate and compliance with this Order.  Subpoenas may be

served by agents or attorneys of the Receiver and by agents of any process server

retained by the Receiver;

P.     Open one or more bank accounts in the Western District of New York as

designated depositories for funds of the Receivership Defendants.  The Receiver

shall deposit all funds of the Receivership Defendants in such a designated

account and shall make all payments and disbursements from the receivership

estate from such account(s);

Q.     Maintain accurate records of all receipts and expenditures that the Receiver makes

as Receiver;

R.     Cooperate with reasonable requests for information or assistance from any state or

federal law enforcement agency; and

S.     Be responsible for maintaining the chain of custody of all of the Stipulating

Defendants' records in his possession, pursuant to procedures to be established in

writing with the approval of the FTC.

## COOPERATION WITH RECEIVER

**X.     IT IS FURTHER ORDERED** that:

A.     Stipulating Defendants and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Receiver.  Stipulating Defendants' assistance shall include, but not be limited to:

1.     Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, including but not limited to allowing the Receiver to inspect documents and assets and to partition office space;

2.     Providing any password and executing any documents required to access any computer or electronic files in any medium, including but not limited to electronically stored information stored, hosted or otherwise maintained by an electronic data host; and

3.     Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver.

B.     Stipulating Defendants and their officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active

concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from directly or indirectly:

1.      Transacting any of the business of the Stipulating Receivership Defendants;

2.      Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents, electronically stored information, or equipment of the Receivership Defendants, including but not limited to contracts, agreements, consumer files, consumer lists, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, documents evidencing or referring to Defendants' services, debt collection training materials, debt collection scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other documents, records or equipment of any kind that relate to the business practices or business or personal finances of the Receivership Defendants or any other entity

directly or indirectly under the control of the Receivership Defendants;

3.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

4.     Excusing debts owed to the Receivership Defendants;

5.     Failing to notify the Receiver of any asset, including accounts, of a Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets;

6.     Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by the Defendants or any other entity directly or indirectly under the control of the Defendants;

7.     Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the assets or documents subject to this Receivership; or to harass or to interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under

any Order of this Court;  and

8.      Filing, or causing to be filed, any petition on behalf of the Receivership

Defendants for relief under the United States Bankruptcy Code, 11 U.S.C.

§ 101 *et seq.*, without prior permission from this Court.

**DELIVERY OF RECEIVERSHIP PROPERTY**

**XI.      IT IS FURTHER ORDERED** that:

A.      Immediately upon service of this Order upon them or upon their otherwise

obtaining actual knowledge of this Order, or within a period permitted by the

Receiver, Defendants or any other person or entity, including but not limited to

financial institutions and electronic data hosts, shall transfer or deliver access to,

possession, custody, and control of the following to the Receiver:

1.      All assets of the Stipulating Receivership Defendants;

2.      All documents and electronically stored information of the Stipulating

Receivership Defendants, including, but not limited to, books and records

of accounts, all financial and accounting records, balance sheets, income

statements, bank records (including monthly statements, canceled checks,

records of wire transfers, records of ACH transactions, and check

registers), client or customer lists, title documents and other papers;

3.      All assets belonging to members of the public now held by the Stipulating

Receivership Defendants;

4.      All keys, computer and other passwords, entry codes, combinations to locks required to open or gain or secure access to any assets or documents of the Stipulating Receivership Defendants, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

5.      Information identifying the accounts, employees, properties, or other assets or obligations of the Stipulating Receivership Defendants.

B.      In the event any person or entity fails to deliver or transfer immediately any asset or otherwise fails to comply with any provision of this Section XI, the Receiver may file *ex parte* with the Court an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county (pursuant to Fed. R. Civ. P. 4(c)(1)) to seize the asset, document, or other thing and to deliver it to the Receiver.

**COMPENSATION FOR RECEIVER**

XII.    **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Stipulating Receivership Defendants.  The Receiver shall file with the Court and serve on the parties periodic

requests for the payment of such reasonable compensation, with the first such request

filed no more than sixty (60) days after the date of this Order.  The Receiver shall not

increase the hourly rates used as the bases for such fee applications without prior

approval of the Court.

### RECEIVER'S REPORTS

XIII.   **IT IS FURTHER ORDERED** that the Receiver shall periodically report to this Court

regarding:  (1) the steps taken by the Receiver to implement the terms of this Order; (2)

the value of all liquidated and unliquidated assets of the Receivership Defendants; (3) the

sum of all liabilities of the Receivership Defendants; (4) the steps the Receiver intends to

take in the future to:  (a) prevent any diminution in the value of assets of the Receivership

Defendants, (b) pursue receivership assets from third parties, and (c) adjust the liabilities

of the Receivership Defendants, if appropriate; (5) whether the business of the

Receivership Defendants can be operated lawfully and profitably; and (6) any other

matters which the Receiver believes should be brought to the Court's attention.

*Provided, however,* if any of the required information would hinder the Receiver's ability

to pursue receivership assets, the portions of the Receiver's report containing such

information may be filed under seal and not served on the parties.

### RECEIVER'S BOND

XIV.   **IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a

bond in the sum of $5,000 with sureties to be approved by the Court, conditioned that the

Receiver will well and truly perform the duties of the office and abide by and perform all

acts the Court directs.

## PROHIBITION ON RELEASE OF CONSUMER INFORMATION

**XV.**   **IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation or court order, Stipulating Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any person which any Stipulating Defendant obtained prior to entry of this Order in connection with any debt collection service.

## STAY OF ACTIONS

**XVI.**   **IT IS FURTHER ORDERED** that:

A.    Except by leave of this Court, during pendency of the Receivership ordered herein, Stipulating Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Stipulating Receivership Defendants, any of their subsidiaries, affiliates, partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2.      Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3.      Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

4.      Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this Receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants;

B.      This Section XVI does not stay:

1.      The commencement or continuation of a criminal action or proceeding;

2.      The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3.      The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

4.      The issuance to a Stipulating Receivership Defendant of a notice of tax

deficiency; and

C.      Except as otherwise provided in this Order, all persons and entities in need of

documentation from the Receiver shall in all instances first attempt to secure such

information by submitting a formal written request to the Receiver, and, if such

request has not been responded to within thirty (30) days of receipt by the

Receiver, any such person or entity may thereafter seek an Order of this Court

with regard to the relief requested.

## SERVICE OF THIS ORDER

XVII.  **IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile

transmission, personal or overnight delivery, or U.S. Express Mail, by agents and

employees of the FTC or any state or federal law enforcement agency or by private

process server, on Defendants or any other persons or entities that may be subject to any

provision of this Order.

## DISTRIBUTION OF ORDER BY DEFENDANTS

XVIII. **IT IS FURTHER ORDERED** that within three calendar days after service of this Order,

Stipulating Defendants shall provide a copy of this Order to each of their agents,

employees, directors, officers, subsidiaries, affiliates, attorneys, independent contractors,

representatives, franchisees, and all persons in active concert or participation with

Stipulating Defendants.  Within five calendar days following this Order, Stipulating

Defendants shall provide the FTC with an affidavit identifying the names, titles,

addresses, and telephone numbers of the persons that Stipulating Defendants have served

with a copy of this Order in compliance with this provision

## CORRESPONDENCE WITH PLAINTIFF

**XIX.**   **IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail

addressed to the FTC is subject to delay due to heightened security screening, all

correspondence and service of pleadings on Plaintiff shall be sent either via electronic

transmission or via Federal Express to: Katherine M. Worthman, Federal Trade

Commission, 600 Pennsylvania Avenue, NW, Room NJ-3158, Washington, DC 20580.

Email: kworthman@ftc.gov; Telephone: (202) 326-2929; Facsimile: (202) 326-3768.

## EXPIRATION OF ORDER

**XX.**   **IT IS FURTHER ORDERED** that this Order shall expire upon entry of a final judgment

in this case.

## JURISDICTION

**XXI.**   **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

all purposes.


**IT IS SO ORDERED**, this 24th day of March, 2014, at 5:38 o'clock p.m.


<u>/s/William M. Skretny</u>
William M. Skrenty
Chief Judge
United States District Court