# UNITED STATES DISCTRICT COURT
# WESTERN DISTRICT OF NEW YORK

_____

FEDERAL TRADE COMMISSION,

               Plaintiff,

   v.                                     **ANSWER BY MARK BRIANDI**
                                                **INDIVIDUALLY AND AS**

FEDERAL CHECK PROCESSING, INC.,     **OFFICER OF ONE OR MORE**
a New York Corporation; FEDERAL          **OF THE CORPORATE**
RECOVERIES, LLC, a New York limited       **DEFENDANTS**
liability company; FEDERAL PROCESSING,
INC., a New York corporation; FEDERAL       **14-CV-0122S**
PROCESSING SERVICES, INC., a New York
Corporation; UNITED CHECK PROCESSING,
INC., a New York corporation; CENTRAL
CHECK PROCESSING, INC., a New York
corporation; CENTRAL PROCESSING
SERVICES, INC., a New York corporation;
NATIONWIDE CHECK PROCESSING, INC.,
a/k/a National Processing Services, a Colorado
corporation; AMERICAN CHECK PROCESSING,
INC., a/k/a American Check Processing, Inc., a
New York corporation; STATE CHECK
PROCESSING, INC., a New York corporation;
CHECK PROCESSING, INC., a New York
corporation; US CHECK PROCESSING, INC.,
a/k/a U.S. Check Processing, Inc., a New York
corporation; FLOWING STREAMS, F.S., INC.,
a New York corporation; MARK BRIANDI,
individually and as an officer of one or more of
the Corporate Defendants; MARK BRIANDI,
individually and as an officer of one or more of
the Corporate Defendants,

               Defendants, and

EMPOWERED RACING, LLC,

               Relief Defendant.
_____

MARK BRIANDI, individual defendant and as Officer of One or More of the Corporate Defendants, by his attorney, Herbert L. Greenman, as and for his Answer to the Complaint, states:

1) The allegations in Paragraphs 1, 2, 3, 4 and 5 are legal conclusions to which no response is required.

2) As to the allegations against various corporate defendants, MARK BRIANDI adopts the Answer of those Defendants as to the allegations contained in paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 as his Answer to those allegations if it is alleged by the Federal Trade Commission ("FTC") that MARK BRIANDI was an Officer of the named Corporate Defendant. If MARK BRIANDI was not alleged to be an Officer of the named Corporate Defendant, MARK BRIANDI therefore lacks sufficient knowledge to answer the allegations, but for purposes of this Answer, denies the allegations.

3) At to the allegations in paragraph 19, MARK BRIANDI adopts the Answer of MARK BRIANDI, and in particular, denies the allegation that "At times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of

Defendants, including the acts and practices set forth in this Complaint." MARK BRIANDI admits MARK BRIANDI resides in this district. MARK BRIANDI denies the allegation MARK BRIANDI transacts or has transacted business in this district and throughout the United States that violated any laws, regulations and rules of the federal government or any state government.

4)      As to the allegations in paragraph 20, MARK BRIANDI admits that he has been a principal of one or more of the Corporate Defendants. MARK BRIANDI admits he has been a signatory to the bank accounts of Federal Processing, Federal Recoveries and United Check Processing. MARK BRIANDI admits he resides in this district. MARK BRIANDI denies all other allegations in paragraph 20.

5)      The allegation in paragraph 21 is a legal conclusion to which no response is required.

6)      As to the allegations in paragraph 22, MARK BRIANDI denies he committed any unlawful acts or practices and denies that Empowerment Racing lacks a legitimate claim to funds it received from any source associated with MARK BRIANDI.

7) MARK BRIANDI denies the allegations in paragraph 23.

8) As to the allegation in paragraph 24, MARK BRIANDI denies the allegation as to a substantial cause of trade in or affecting commerce. The definition of commerce is a legal conclusion to which no response is required.

9) MARK BRIANDI denies the allegations in paragraphs 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40 and 41.

10) The allegations in paragraphs 42 and 43 are legal conclusions to which no response is required.

11) MARK BRIANDI denies the allegations in paragraphs 44, 45, 46, 47, 48 and 49.

12) The allegations in paragraphs 50, 51, 52 and 53 are legal conclusions to which no response is required.

13) MARK BRIANDI denies the allegations in paragraphs 54, 55 and 56.

14)     MARK BRIANDI denies, as it relates to MARK BRIANDI, the allegations in paragraphs 57 and 58.

15)     MARK BRIANDI denies the allegations in paragraphs 59 and 60.

WHEREFORE, MARK BRIANDI, individually and as an Officer of One or More of the Corporate Defendants, requests that the Complaint as alleged against him be dismissed in its entirety, that the injunction entered be lifted, that the bank accounts that were seized and frozen be returned to his control, that the receiver appointed be terminated, and for such other and equitable relief as the Court deems just and proper.

/s/Herbert L. Greenman

DATED:  April 16, 2014
            Buffalo, New York

Herbert L. Greenman
Attorney for MARK BRIANDI
42 Delaware Ave., Suite 120
Buffalo, NY  14202
(716) 849-1333

TO:   Katherine Worthman
         Colin Hector
         Federal Trade Commission
         600 Pennsylvania Avenue NW
         Washington, DC 20580

# UNITED STATES DISCTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

FEDERAL TRADE COMMISSION,

                Plaintiff,

    v.

FEDERAL CHECK PROCESSING, INC., a New York Corporation; FEDERAL RECOVERIES, LLC, a New York limited liability company; FEDERAL PROCESSING, INC., a New York corporation; FEDERAL PROCESSING SERVICES, INC., a New York Corporation; UNITED CHECK PROCESSING, INC., a New York corporation; CENTRAL CHECK PROCESSING, INC., a New York corporation; CENTRAL PROCESSING SERVICES, INC., a New York corporation; NATIONWIDE CHECK PROCESSING, INC., a/k/a National Processing Services, a Colorado corporation; AMERICAN CHECK PROCESSING, INC., a/k/a American Check Processing, Inc., a New York corporation; STATE CHECK PROCESSING, INC., a New York corporation; CHECK PROCESSING, INC., a New York corporation; US CHECK PROCESSING, INC., a/k/a U.S. Check Processing, Inc., a New York corporation; FLOWING STREAMS, F.S., INC., a New York corporation; MARK BRIANDI, individually and as an officer of one or more of the Corporate Defendants; MARK BRIANDI, individually and as an officer of one or more of the Corporate Defendants,

                Defendants, and

EMPOWERED RACING, LLC,

                Relief Defendant.

**14-CV-0122S**

---

**CERTIFICATE OF SERVICE**

      I hereby certify that on 4/17/14, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system.

      I hereby certify that on 4/17/14 a copy of the foregoing was also delivered to the following via CM/ECF.

TO:   Katherine Worthman
        Colin Hector
        Federal Trade Commission
        600 Pennsylvania Avenue NW
        Washington, DC 20580

Dated:  April 17, 2014

                                                      /s/Elizabeth M. Jagord-Ward

                                                      Elizabeth M. Jagord-Ward