# UNITED STATES DISCTRICT COURT
# WESTERN DISTRICT OF NEW YORK

———————————————————————

FEDERAL TRADE COMMISSION,

              Plaintiff,

    v.

FEDERAL CHECK PROCESSING, INC.,
a New York Corporation; FEDERAL
RECOVERIES, LLC, a New York limited
liability company; FEDERAL PROCESSING,
INC., a New York corporation; FEDERAL
PROCESSING SERVICES, INC., a New York
Corporation; UNITED CHECK PROCESSING,
INC., a New York corporation; CENTRAL
CHECK PROCESSING, INC., a New York
corporation; CENTRAL PROCESSING
SERVICES, INC., a New York corporation;
NATIONWIDE CHECK PROCESSING, INC.,
a/k/a National Processing Services, a Colorado
corporation; AMERICAN CHECK PROCESSING,
INC., a/k/a American Check Processing, Inc., a
New York corporation; STATE CHECK
PROCESSING, INC., a New York corporation;
CHECK PROCESSING, INC., a New York
corporation; US CHECK PROCESSING, INC.,
a/k/a U.S. Check Processing, Inc., a New York
corporation; FLOWING STREAMS, F.S., INC.,
a New York corporation; MARK BRIANDI,
individually and as an officer of one or more of
the Corporate Defendants; WILLIAM MOSES,
individually and as an officer of one or more of
the Corporate Defendants,

              Defendants, and

EMPOWERED RACING, LLC,

              Relief Defendant.

———————————————————————

**ANSWER TO COMPLAINT FOR
PRELIMINARY INJUNCTION &
OTHER EQUITABLE RELIEF**

**CASE NO.: 14-CV-0122S**

The Defendants, FEDERAL CHECK PROCESSING, INC. ,a New York Corporation; FEDERAL RECOVERIES, LLC, a New York limited liability company; FEDERAL PROCESSING, INC., a New York corporation; FEDERAL PROCESSING SERVICES, INC., a New York Corporation; UNITED CHECK PROCESSING, INC., a New York corporation; CENTRAL CHECK PROCESSING, INC., a New York corporation; CENTRAL PROCESSING SERVICES, INC., a New York corporation; NATIONWIDE CHECK PROCESSING, INC., a/k/a National Processing Services, a Colorado corporation; AMERICAN CHECK PROCESSING, INC., a/k/a American Check Processing, Inc., a New York corporation; STATE CHECK PROCESSING, INC., a New York corporation; CHECK PROCESSING, INC., a New York corporation; US CHECK PROCESSING, INC., a/k/a U.S. Check Processing, Inc., a New York corporation; FLOWING STREAMS, F.S., INC., a New York corporation, by their Attorney, MARK D. GROSSMAN, ESQ., as an for their Answer to the Plaintiff's Complaint for permanent injunction and other equitable relief, herein allege:

1.      The allegations contained and set forth in paragraph marked and number "1" of the Plaintiff's Complaint are legal conclusions to which no response is required but the Answering Defendants deny they committed "acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. Section 45(a), and the FDCPA, 15 U.S.C. Sections 1692 – 1692(p)," and deny they committed "abusive and deceptive debt collection practices".

2.      The allegations contained and set forth in paragraph marked and number "2" of the Plaintiff's Complaint are legal conclusions to which no response is required.

3.      The allegations contained and set forth in paragraph marked and numbered "3" of the Plaintiff's Complaint are legal conclusions to which no response is required.

4.      The allegations contained and set forth in paragraphed marked and number "4" of the Plaintiff's Complaint are legal conclusions to which no response is required but the Answering Defendants deny they committed "unfair or deceptive acts or practices in or affecting commerce:" and deny they engaged in "abusive, deceptive and unfair debt collection practices".

5.      The allegations contained and set forth in paragraph marked and number "5" of the Plaintiff's Complaint are legal conclusions to which no response is required.

6.      The Defendant, FEDERAL CHECK PROCESSING, INC., denies it "transacts business in this District and throughout the United States" since it ceased transacting business on or about 2012 and denies it transacted business "throughout the United States" but the said

Defendant admits the remainder of the allegations contained and set forth in paragraph marked and number "6" of the Plaintiff's Complaint.

7.      The Defendant, FEDERAL RECOVERIES, LLC, denies it "transacts business in this District and throughout the United States" since it ceased transacting business on or about 2011 and denies it transacted business "throughout the United States" but the said Defendant admits the remainder of the allegations contained and set forth in paragraph marked and number "7" of the Plaintiff's Complaint.

8.      The Defendant, FEDERAL PROCESSING, INC., denies it "transacts or has transacted business throughout the United States" but the said Defendant admits the remainder of the allegations contained and set forth in paragraph marked and numbered "8" of the Plaintiff's Complaint.

9.      The Defendant, FEDERAL PROCESSING SERVICES, INC., denies it "transacts business in this District and throughout the United States" since it ceased transacting business on or about 2012 and denies it transacted business "throughout the United States" but the said Defendant admits the remainder of the allegations contained and set forth in paragraph marked and numbered "9" of the Plaintiff's Complaint.

10.     The Defendant, UNITED CHECK PROCESSING, INC., denies it "transacts business in this District and throughout the United States" since it ceased transacting business on or about 2012 and denies it transacted business "throughout the United States" but the said Defendant admits the remainder of the allegations contained and set forth in paragraph marked and numbered "10" of the Plaintiff's Complaint.

11.     The Defendant, CENTRAL CHECK PROCESSING, INC., denies it "transacts business in this District and throughout the United States" since it ceased transacting business on or about 2013 and denies it transacted business "throughout the United States" but the said Defendant admits the remainder of the allegations contained and set forth in paragraph marked and numbered "11" of the Plaintiff's Complaint.

12.     The Defendant, CENTRAL PROCESSING SERVICES, INC., denies it transacts or has transacted business "throughout the United States" but the said Defendant admits the remainder of the allegations contained and set forth in paragraph marked and numbered "12" of the Plaintiff's Complaint.

13.     The Defendant, NATIONWIDE CHECK PROCESSING, INC., denies it transacts or has transacted business "throughout the United States" but the said Defendant admits the remainder of the allegations contained and set forth in paragraph marked and numbered "13" of the Plaintiff's Complaint.

14.     The Defendant, AMERICAN CHECK PROCESSING, INC., denies it "transacts business in this District and throughout the United States" since it ceased transacting business on or about 2013 and denies it transacted business "throughout the United States" but the said Defendant admits the remainder of the allegations contained and set forth in paragraphs marked and numbered "14" of the Plaintiff's Complaint.

15.     The Defendant, STATE CHECK PROCESSING, INC., denies it "transacts business in this District and throughout the United States" since it ceased transacting business on or about 2012 and denies doing business from 727 Main Street, Suite 200, Niagara Falls, New York and denies it transacted business "throughout the United States" but the said Defendant admits the remainder of the allegations contained and set forth in paragraph marked and numbered "15" of the Plaintiff's Complaint.

16.     The Defendant, CHECK PROCESSING, INC., denies it has transacted business "throughout the United States" but the said Defendant admits the remainder of the allegations contained and set forth in paragraph marked and number "16" of the Plaintiff's Complaint.

17.     The Defendant, US CHECK PROCESSING, INC., denies it "transacts business in this District and throughout the United States" since it ceased transacting business on or about 2011 and  denies it transacted business "throughout the United States" but the said Defendant admits the remainder of the allegations contained and set forth in paragraphs marked and number "17" of the Plaintiff's Complaint.

18.     The Defendant, FLOWING STREAMS, F.S., denies it transacts or has transacted business throughout the United States but the said Defendant admits the remainder of the allegations contained and set forth in paragraph marked and number "18" of the Plaintiff's Complaint.

19.     The Answering Defendants deny that "at times material to this Complaint, acting alone in concert with others, he (MARK BRIANDI) has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defendants, including the acts and practices set forth in this Answer" and deny he (MARK BRIDANI) transacted business

throughout the United States.  The Defendant, UNITED CHECK PROCESSING, INC., denies the Defendant, MARK BRIANDI, has been a signatory to the bank account of UNITED CHECK PROCESSING, INC. but these Answering Defendants admit the remainder of the allegations contained and set forth in paragraph marked and number "19" of the Plaintiff's Complaint.

20.     The Answering Defendants deny that "at times material to this Complaint, acting alone in concert with others, he (WILLIAM MOSES) has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defendants, including the acts and practices set forth in this Answer" and deny he (WILLIAM MOSES) transacted business throughout the United States.  The Defendant, UNITED CHECK PROCESSING, INC., denies the Defendant, MARK BRIANDI, has been a signatory to the bank account of UNITED CHECK PROCESSING, INC. but these Answering Defendants admit the remainder of the allegations contained and set forth in paragraph marked and number "20" of the Plaintiff's Complaint.

21.     The allegations contained and set forth in paragraph marked and numbered "21" of the Plaintiff's Complaint are legal conclusions to which no response is required. Notwithstanding the aforesaid the Defendants, CHECK PROCESSING, INC. and FLOWING STREAMS, F.S., deny they are "debt collectors".  To the extent any Answering Defendants ceased operations as more fully hereinabove set forth, the said Defendants deny they "are" debt collectors.

22.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and number "22" of the Plaintiff's Complaint that "EMPOWRED RACING, has received funds and other property that can be traced directly to the Defendants unlawful acts or practices alleged below.  Relief Defendant, EMPOWERED RACING, has no legitimate claim to these funds".  The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained and set forth in paragraph marked and number "22" of the Plaintiff's Complaint and therefore deny same.

23.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and number "23" of the Plaintiff's Complaint.

24.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "24" of the Plaintiff's Complaint.

25.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "25" of the Plaintiff's Complaint.

26.     The Answering Defendants the allegations contained and set forth in paragraph marked and numbered "26" of the Plaintiff's Complaint that any consumers were threatened with repercussions of failing to pay debts or that they harassed consumers.   The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained and set forth in paragraph marked and numbered "26" of the Plaintiff's Complaint and therefore deny same.

27.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and number "27" of the Plaintiff's Complaint.

28.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "28" of the Plaintiff's Complaint.

29.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "29" of the Plaintiff's Complaint.

30.     To the extent the allegations contained and set forth in paragraph marked and numbered "30" of the Plaintiff's Complaint are legal conclusions, no response is required thereto.   Notwithstanding the aforesaid, the Answering Defendants admit they have "no affiliations with governmental agencies" and that they "cannot have a consumer arrested for non-payment of a private debt" and deny the remaining allegations contained and set forth in paragraph marked and numbered "30" of the Plaintiff's Complaint that they threatened to have a consumer arrested for non-payment of a private debt, that they threatened consumers with having committed check fraud or other criminal acts.

31.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and number "31" of the Plaintiff's Complaint.

32.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "32" of the Plaintiff's Complaint.

33.     To the extent the allegations contained and set forth in paragraph marked and numbered "33" of the Plaintiff's Complaint are legal conclusions, no response is required thereto.   The Answering Defendants deny they engaged in any and all acts as set forth in paragraph marked and number "33" of the Plaintiff's Complaint.

34.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and number "34" of the Plaintiff's Complaint.

35.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "35" of the Plaintiff's Complaint.

36.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "36" of the Plaintiff's Complaint.

37.     The Answering Defendants admit the allegation contained and set forth in paragraph marked and numbered "37" of the Plaintiff's Complaint that "the Defendants have provided consumers with the name of the purported original creditor" but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained and set forth in paragraph marked and numbered "37" of the Plaintiff's Complaint and therefore deny same.

38.     The Answering Defendants admit the allegations contained and set forth in paragraph marked and numbered "38" of the Plaintiff's Complaint.

39.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "39" of the Plaintiff's Complaint.

40.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "40" of the Plaintiff's Complaint.

41.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "41" of the Plaintiff's Complaint.

42.     The allegations contained and set forth in paragraph marked and numbered "42" of the Plaintiff's Complaint are legal conclusions to which no response is required.

43.     The allegations contained and set forth in paragraph marked and numbered "43" of the Plaintiff's Complaint are legal conclusions to which no response is required.

44.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "44" of the Plaintiff's Complaint.

45.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "45" of the Plaintiff's Complaint that they "made the representations set forth in paragraph "44" of this Complaint".  To the extent the remaining allegations contained and set forth in paragraph "45" of the Plaintiff's Complaint are legal conclusions, no response is required thereto.

46.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "46" of the Plaintiff's Complaint.

47.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "47" of the Plaintiff's Complaint.

48.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "48" of the Plaintiff's Complaint.

49.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "49" of the Plaintiff's Complaint.

50.     The allegations contained and set forth in paragraph marked and numbered "50" of the Plaintiff's Complaint are legal conclusions to the which no response is required.

51.     The allegations contained and set forth in paragraph marked and numbered "51" of the Plaintiff's Complaint are legal conclusions to which no response is required.

52.     The allegations contained and set forth in paragraph marked and numbered "52" of the Plaintiff's Complaint are legal conclusions to which no response is required.

53.     The allegations contained and set forth in paragraph marked and numbered "53" of the Plaintiff's Complaint are legal conclusions to which no response is required.

54.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "54" of the Plaintiff's Complaint.

55.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "55" of the Plaintiff's Complaint.

56.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "56" of the Plaintiff's Complaint.

57.     The Answering Defendants admit the allegations contained and set forth in paragraph marked and numbered "57" of the Plaintiff's Complaint that "the Relief Defendant, EMPOWERED RACING, has received, directly or indirectly, funds and other assets from the Defendants" but deny the remaining allegations set forth therein.

58.     These Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "58" of the Plaintiff's Complaint insofar as same pertain to the said Answering Defendants.

59.     The Answering Defendants deny the allegations contained and set forth in paragraph marked and numbered "59" of the Plaintiff's Complaint.

60.     The allegations contained and set forth in paragraph marked and numbered "60" of the Plaintiff's Complaint are legal conclusions to which no response is required.

61.     The Answering Defendants deny each and every allegation of the Plaintiff's Complaint not hereinabove specifically admitted or otherwise denied.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

62.     That the Defendants, FLOWING STREAMS, F.S., is neither a "debt collector" as defined pursuant to Section 803(a) of the FDCPA 15, U.S.C. Section 1692(a)(6) nor did FLOWING STREAMS, F.S. in any manner attempt to "collect debt" and according FLOWING STREAMS, F.S. has, in no manner, violated any statute or law as alleged herein including but not limited to Section 5(a) of the FTC Act, 15 U.S.C., Section 45(a) or Section 807 of the FDCPA, 15 U.S.C. Section 1692(e).

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

63.     That the Answering Defendants repeat, reiterate and reallege the aforesaid denials as if same were more fully set forth herein.

64.     That despite the aforesaid denials, any alleged acts or omissions constituting any alleged deceptive and abusive collection practices, violation(s) of the FTC Act, 15 U.S.C. Section 45 and/or violations of the FDCPA, 15 U.S.C. Section 1692 et seq. and/or any alleged improper and/or illegal actions were , upon information and belief, committed by agents, servants and/or employees of the Answering Defendants without the knowledge, consent, direction and/or authority of the said Answering Defendants and/or their principal(s) and/or officer(s) and thus the Answering Defendants are not liable and/or responsible for any such alleged acts and/or omissions.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

65.     That the Answering Defendants repeat, reiterate and reallege the aforesaid denials as if same were more fully set forth herein.

66.     That despite the aforesaid, any and all alleged acts and/or omissions of the Answering Defendants constituting alleged deceptive and abusive collection practices, violation(s) of the FTC Act, 15 U.S.C. 45 and/or the FDCPA, 15 U.S.C. section 1692 et seq. which may have been committed by agents, servants, and/or employees of the Defendants without their knowledge, consent, direction  and/or authority were  "deminimus" in nature and not overly broad and/or extensive as alleged herein.

WHEREFORE, the Defendants, FEDERAL CHECK PROCESSING, INC. ,a New York Corporation; FEDERAL RECOVERIES, LLC, a New York limited liability company;

FEDERAL PROCESSING,   INC., a New York corporation; FEDERAL PROCESSING SERVICES, INC., a New York  Corporation; UNITED CHECK PROCESSING,  INC., a New York corporation; CENTRAL CHECK PROCESSING, INC., a New York corporation; CENTRAL PROCESSING SERVICES, INC., a New York corporation; NATIONWIDE CHECK PROCESSING, INC., a/k/a National Processing Services, a Colorado corporation; AMERICAN CHECK PROCESSING, INC., a/k/a American Check Processing, Inc., a New York corporation; STATE CHECK PROCESSING, INC., a New York corporation; CHECK PROCESSING, INC., a New York corporation; US CHECK PROCESSING, INC., a/k/a U.S. Check Processing, Inc., a New York corporation; FLOWING STREAMS, F.S., INC., a New York corporation, request the Complaint as alleged them be dismissed in its entirety, that the injunction previously entered herein be vacated, that all bank accounts and other assets which were seized and frozen be returned to the respective Answering Defendants, that the Receiver previously appointed herein be terminated, together with such other and equitable relief as this Court deems just and proper.

DATED:      Niagara Falls, New York
            April 16, 2014

                                        ___S/_____
                                        MARK D. GROSSMAN, ESQ.
                                        Attorney for Defendants, FEDERAL CHECK
                                        PROCESSING, INC.,a New York Corporation;
                                        FEDERAL RECOVERIES, LLC, a New York
                                        limited liability company; FEDERAL
                                        PROCESSING,  INC., a New York corporation;
                                        FEDERAL PROCESSING SERVICES, INC., a
                                        New York  Corporation; UNITED CHECK
                                        PROCESSING,  INC., a New York corporation;
                                        CENTRAL CHECK PROCESSING, INC., a New
                                        York corporation; CENTRAL PROCESSING
                                        SERVICES, INC., a New York corporation;
                                        NATIONWIDE CHECK PROCESSING, INC.,
                                        a/k/a National Processing Services, a Colorado
                                         corporation; AMERICAN CHECK PROCESSING,
                                        INC., a/k/a American Check Processing, Inc., a
                                        New York corporation; STATE CHECK
                                        PROCESSING, INC., a  New York corporation;
                                        CHECK  PROCESSING,  INC., a  New  York
                                        corporation; US CHECK PROCESSING, INC.,
                                        a/k/a U.S. Check Processing, Inc., a New York
                                        corporation; FLOWING STREAMS, F.S., INC., a
                                        New York corporation

710 Fourth Street, Niagara Falls, NY 14301
(716) 284-6513


To:    Katherine Worthman, Esq.
Colin Hector, Esq.
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue NW
Washington, DC 20580

Kevin W. Spitler, Esq.
Attorney for WILLIAM MOSES
181 Franklin Street/Suite 300
Buffalo, New York 14202

Herbert Greenman, Esq.
Lipsitz, Green Scime & Cambria, LLP
Attorneys for MARK BRIANDI
42 Delaware Avenue/Suite 120
Buffalo, New York 14202

EMPOWERED RACING
c/o Stephen L. Grant
sgrant@jhancock.com