UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

                              Plaintiff,

                                                        **Hon. Hugh B. Scott**


                                                        **14CV122S**

                     v.
                                                        **Report
                                                        &
                                                        Recommendation**


FEDERAL CHECK PROCESSING, INC.,
et al.,

                              Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 54).  The instant matter before the Court is a series of motions by plaintiff Federal

Trade Commission seeking compelled discovery or sanctions for defendants' failure to produce

particular discovery.  In particular, plaintiff moves to compel defendant William Moses'

mandatory Federal Rule of Civil Procedure 26(a) disclosures and leave to depose non-party

witnesses named by Moses in this disclosure (Docket No. 104); the agency's motion to compel

Federal Rule 30(b)(6) depositions of certain named defendants[1] (Docket No. 106); and plaintiff's

motion for discovery sanctions against the corporate defendants[2] and relief defendant

_____

      [1]Federal Recoveries, LLC; Federal Processing, Inc.; United Check Processing, Inc.;
Check Processing, Inc.; and Flowing Streams, F.S., Inc. (hereinafter the "Rule 30(b)(6)
defendants").

      [2]Federal Check Processing, Inc.; Federal Recoveries, LLC; Federal Processing, Inc.;
Federal Processing Services, Inc.; United Check Processing, Inc.; Central Check Processing,

Empowered Racing, LLC (Docket No. 108).  Responses to these motions eventually were due by

June 2, 2015, with replies due by June 9, 2015 (Docket No. 109; see also Docket Nos. 105, 107),

but defendants did not respond to these motions (see Docket No 112, Pl. Reply).

The discovery deadline (Docket No. 68) was held in abeyance while these motions were

pending (Docket No. 107).

Given that plaintiff sought potentially dispositive relief in one of these related motions

(see Docket No. 109, Order of May 8, 2015, declaring that this Court would consider these three

motions together), all three motions are considered herein in this Report & Recommendation.

## BACKGROUND

This is an action under the Federal Trade Act, 15 U.S.C. § 53(b), and the Fair Debt

Collection Practices Act, 15 U.S.C § 1692l, seeking injunctive and other equitable relief against

defendants, certain collection agencies in this District (Docket No. 1, Compl. ¶ 1, Prayer for

Relief).  Plaintiff also sought (Docket No. 2) and obtained (Docket No. 11) a Temporary

Restraining Order (Docket No. 94, Def. Briandi Atty. Decl. ¶ 3).

In addition to seeking initial disclosure from defendant Moses and not receiving any

(Docket No. 104), plaintiff noticed the deposition of Rule 30(b)(6) representatives of certain

defendants, the Rule 30(b)(6) defendants, for depositions in April 2015, but no representative

appeared for these defendants (Docket No. 106, Pl. Atty. Aff. of Meet and Confer, ¶¶ 1, 5,

Exs. A (deposition notices), C (transcript of Apr. 28, 2015, deposition)).  A court reporter was

retained and plaintiff incurred the reporter's costs (yet to be billed as of plaintiff's motion) as

---

Inc.; Central Processing Services, Inc.; Nationwide Check Processing, Inc.; American Check
Procesing, Inc. (a/k/a American Check Processing, Inc.); State Check Processing, Inc.; Check
Processing, Inc.; US Check Processing, Inc.; Flowing Streams, F.S. (collectively "corporate
defendants").

well as $895.50 in late cancellation, travel and other expenses (save attorney's fees) in appearing for the April 28, 2015, depositions that were never held (id., Pl. Memo. at 5, 6 n.6; id., Pl. Atty. Aff. ¶¶ 4, 12, 13, 14, 15, 16). Defense counsel wrote on April 28, 2015, apologizing for missing the scheduled depositions, offered to make defendants available at a future set of depositions, and asked that plaintiff reconsider its position that it would seek the present Order to compel (Docket No. 106, Pl. Motion, Ex. E).

Finally, plaintiff moves for sanctions because the corporate defendants and the relief defendant Empowered Racing LLC failed to furnish initial disclosure by February 16, 2015, and defendants United Check Processing, Nationwide Check Processing, and Empowered Racing LLC failed to respond to plaintiff's First Set of Interrogatories by that date (Docket No. 108, Pl. Memo. at 1). Given these defendants' "long-standing failure to fulfill discovery requirements and blatant disregard for this Court's Order compelling disclosures and discovery" (Docket No. 88), plaintiff seeks preclusion of evidence that would have been disclosed pursuant to Rule 26(a) (Docket No. 108, Pl. Memo. at 1-2, 5-6). Empowered Racing has yet to file a formal appearance in this case, although Mark Grossman has claimed that he also represents that party (see Docket No. 108, Pl. Memo. at 3 n.1).

Despite defense counsel's apology for some of the corporate defendants, there is no defense response to these motions.

## DISCUSSION

I.      Motions to Compel (Docket Nos. 104, 106)

As plaintiff notes (Docket No. 112, Pl. Reply), defendants have not responded to their respective motions. Therefore, the motions compelling discovery (Docket Nos. 104, 106) are

**granted**.  Defendant William Moses (<u>cf.</u> Docket No. 104) **is to produce Rule 26(a) mandatory disclosures within seven (7) days of entry of this Order** or faces preclusion of offering information or witnesses to supply evidence on a motion, at a hearing, or at trial, pursuant to Rule 37.

The corporate defendants and the relief defendant which failed to appear at their respective Rule 30(b)(6) depositions **must produce witnesses at a date and time certain**. Defense counsel for the corporate defendants, Mark Grossman, **is to pay the costs associated with his failure to attend the April 28-30, 2015, depositions, totaling $895.50**.

II.     Motion to Preclude, Docket No. 108

As for plaintiff's motion for sanctions (Docket No. 108), Federal Rule of Civil Procedure 37(d)(3) authorizes various sanctions (the same as under Rule 37(b)(2)(A)) for failure to answer Interrogatories.  Imposition of Rule 37(d) sanctions for failure to comply with discovery demands must be weighed in light of the full record.  <u>Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures</u>, 602 F.2d 1063, 1068 (2d Cir. 1979).  Rule 37(d) calls upon the Court to make such Orders in regard to disclosure failures as are just.  This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37(d).  <u>See</u> <u>Reilly v. NatWest Markets Group Inc.</u>, 181 F.3d 253, 267 (2d Cir. 1999), <u>cert. denied</u>, 528 U.S. 1119 (2000).  The rule lists various sanctions including preclusion or dismissal of claims.  Fed. R. Civ. P. 37(d), (b)(2)(A)(i) (facts established), (ii) (refusing to allow disobedient party to support claim or defense), (iii) (striking pleadings), or (vii) (contempt of court for failing to produce witness, as well as payment of opponent's reasonable expenses, and attorneys' fees).  The dismissal of a defense or preclusion of evidence for failure to respond to a

discovery request is a drastic remedy, <u>Burnett v. Venturi</u>, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); <u>see</u> <u>National Hockey League v. Metropolitan Hockey Club</u>, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction), and could be dispositive under 28 U.S.C. § 636(b). Procedurally, under Rule 37(a)(2)(B) and this Court's Local Civil Rule 37, the movant needs to make a statement of its good faith efforts made to resolve a discovery dispute before making motions to compel, as was done here (<u>see generally</u> Docket No. 108).

Unlike the other motions, in which the pre-motion meeting and conferring presented at least a glimpse of defense position, the defendants at issue in this motion did not respond.  But defense silence here appears consistent with their pattern of non-compliance outlined by plaintiff in this motion (Docket No. 108, Pl. Memo. at 5-6) and in the other two motions (<u>sees generally</u> Docket Nos. 104, 106).  Some of these defendants (Federal Recoveries, LLC; Federal Processing, Inc.; United Check Processing, Inc.; Check Processing, Inc.; and Flowing Streams, F.S., Inc.) are named in both motions (Docket Nos. 106, 108) for their respective failures to produce representatives to testify and to provide initial disclosures.  Evidence preclusion is warranted against the named corporate and relief defendants here.  Plaintiff's motion for such relief (Docket No. 108) should be **granted**.

## CONCLUSION

Based upon the above, it is recommended that plaintiff's motions to compel (Docket Nos. 104, 106) be **granted as stated in detail above**, and its motion for sanctions against the corporate defendants and the relief defendant listed above (Docket No. 108) be **granted**. Defense counsel Mark Grossman is liable to plaintiff for its costs in attempting to conduct the deposition on April 28, 2015, totaling **$895.50**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
June 17, 2015