UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

                              Plaintiff,                                    JUDGMENT
        v.                                                       AND PERMANENT INJUNCTION
                                                                          14-CV-122S
FEDERAL CHECK PROCESSING, INC., et al.,

                              Defendants, and

EMPOWERED RACING LLC

                              Relief Defendant.


        Plaintiff Federal Trade Commission ("FTC") commenced this civil action on

February 24, 2014, pursuant to Section 13(b) of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. § 53(b), and Section 814(a) of the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692*l*(a).  On motion by the FTC, on February 24, 2014,

this Court entered an *ex parte* temporary restraining order ("TRO") with asset freeze,

appointment of a receiver, and other equitable relief against Defendants Federal Check

Processing, Inc., Federal Recoveries, LLC, Federal Processing, Inc., Federal

Processing Services, Inc., United Check Processing, Inc., Central Check Processing,

Inc., Central Processing Services, Inc., Nationwide Check Processing, Inc., American

Check Procesing, Inc. (a/k/a American Check Processing, Inc.), State Check

Processing, Inc., Check Processing, Inc., US Check Processing, Inc., Flowing Streams,

F.S., Inc., Mark Briandi, and William Moses, and Relief Defendant Empowered Racing

LLC.  On March 5, 2014, this Court extended the TRO until March 20, 2014.  On March

17, this Court extended the TRO until March 24, 2014.  On March 24, 2014, this Court entered a Stipulated Preliminary Injunction against the Defendants.

On August 26, 2015, the FTC moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 on all counts against Defendants Federal Check Processing, Inc., Federal Recoveries, LLC, Federal Processing, Inc., Federal Processing Services, Inc., United Check Processing, Inc., Central Check Processing, Inc., Central Processing Services, Inc., Nationwide Check Processing, Inc., American Check Procesing, Inc. (a/k/a American Check Processing, Inc.), State Check Processing, Inc., Check Processing, Inc., US Check Processing, Inc., Flowing Streams, F.S., Inc. (collectively, the "Corporate Defendants"), Mark Briandi, William Moses (the Corporate Defendants, Briandi and Moses, individually, collectively, or in any combination hereinafter referred to as the "Defendants"), and the Relief Defendant, Empowered Racing LLC.

On April 13, 2016, the Magistrate Court recommended granting the FTC's motion for summary judgment in its entirety.  (Dkt. No. 168).  On August 12, 2016, the Court, having considered the arguments, memoranda, and exhibits in support of the FTC's Motion for Summary Judgment, and all other pleadings and files in this action, including the Defendants' objections to the Report and Recommendation, **ADOPTED** the Magistrate Court's Report and Recommendation and **GRANTED** the FTC's motion in its entirety.  (Dkt. 186.)  Pursuant to the Order adopting the Magistrate Court's Report and Recommendation, the FTC filed a Proposed Final Order for Judgment and Permanent Injunction with this Court (Dkt. 187), to which Defendants made no objection.

**IT IS FURTHER ORDERED AS FOLLOWS:**

## FINDINGS

The Court finds:

1.     This is an action by the FTC instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a).  The Complaint seeks both permanent injunctive relief and equitable monetary relief for the Defendants' alleged deceptive acts or practices as alleged therein.

2.     The FTC has the authority under Sections 13(b) of the FTC Act, and Section 814 of the FDCPA, to seek the relief it has requested, and the Complaint states a claim upon which relief can be granted against Defendants.

3.     This Court has jurisdiction over the subject matter of this case and has jurisdiction over each Defendant pursuant to pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), and 1692l.

4.     Venue in the Western District of New York is proper 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

5.     The FTC is an independent agency of the United States Government created by statute.   15 U.S.C. §§ 41 *et seq.*   The FTC is charged, *inter alia*, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce, and the FDCPA, 15 U.S.C. § 1692-1692p, which prohibits abusive, deceptive and unfair collection practices.  The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and the FDCPA, and to secure such equitable relief as may be appropriate in each case, including

equitable monetary relief such as disgorgement, restitution, and rescission of contracts. 15 U.S.C. §§ 53(b), 56(a)(2)(A), 56(a)(2)(B), 57b, and 1692l(a).

6.    The activities of the Defendants, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

7.    Defendants are "debt collectors" collecting "debts" as those terms are defined in section 803 of the FDCPA, 15 U.S.C. § 1692a.

8.    Defendants have received revenues of at least $10,852,396 as a direct result of their violations of Section 5 of the FTC Act and the FDCPA.

9.    Defendants have operated as a common enterprise in engaging in violations of the FTC Act and the FDCPA. Defendants have shared office space and employees, have been commonly controlled, and have participated in a common scheme to deceive and abuse consumers.

10.    At all times material to the Complaint, acting alone or in concert with others, Defendant William Moses formulated, directed, controlled, or participated in the acts and practices of the Corporate Defendants. He also had actual or constructive knowledge of the violative acts and practices set forth in findings 12-16 below. Acting alone or in concert with others, he directly participated in and had actual or constructive knowledge of the deceptive and abusive acts and practices of the Corporate Defendants, including the acts and practices alleged in the FTC's Complaint, and thus is jointly and severally liable for these acts and practices.

11.    At all times material to the Complaint, acting alone or in concert with others, Defendant Mark Briandi formulated, directed, controlled, or participated in the

acts and practices of the Corporate Defendants.   He also had actual or constructive knowledge of the violative acts and practices set forth in findings 12-16 below.   Acting alone or in concert with others, he directly participated in and had actual or constructive knowledge of the deceptive and abusive acts and practices of the Corporate Defendants, including the acts and practices alleged in the FTC's Complaint, and thus is jointly and severally liable for these acts and practices.

12.   In numerous instances in connection with the collection of purported consumer debts, Defendants have represented, directly or indirectly, expressly or by implication, that:  (a) consumers have committed check fraud or another criminal act; (b) Defendants are going to have a consumer arrested or imprisoned; (c) Defendants are affiliated with government entities, including law enforcement agencies; (d) Defendants have filed, or intend to file, a lawsuit against a consumer; or (e) Defendants are going to garnish a consumer's wages, levy a consumer's bank account, or seize a consumer's property.  In truth and in fact, in numerous instances:  (a) consumers have not committed check fraud or another criminal act; (b) Defendants cannot have the consumer arrested or imprisoned; (c) Defendants are not affiliated with any government entities; (d) Defendants have not filed, and do not have the authority or intention to file at the time, a lawsuit against the consumer; and (e) non-payment of a purported debt will not result in the garnishment, attachment, or seizure of the consumer's wages or property.  Therefore, Defendants' representations were false or misleading, and

constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

13.    In numerous instances, during telephone calls to consumers who previously had told Defendants that they did not owe the debt that Defendants were attempting to collect, Defendants have represented, directly or indirectly, expressly or by implication, that the consumers owed the debt.  In truth and in fact, in numerous instances, Defendants have not had a reasonable basis for these representations at the time the representations were made.    Therefore, Defendants' representations constitute deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

14.    In numerous instances, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means, including, but not limited to:  (a) falsely representing that the Defendants are affiliated with the United States or any State, including government law enforcement agencies; (b) falsely representing the character, amount, or legal status of a debt, in violation of Section 807(2) of the FDCPA, 15 U.S.C. § 1692e(2); (c) falsely representing or implying that non-payment of a debt will result in the arrest or imprisonment of a person or the seizure, garnishment, or attachment of a person's property or wages, when such action is not lawful or when Defendants have no intention of taking such action; (d) threatening to take action that is not lawful or that Defendants do not intend to take, such as filing a lawsuit, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5); (e) falsely representing or implying that a consumer has committed any crime or

other conduct in order to disgrace the consumer; (f) using a false representation or deceptive means to collect or attempt to collect a debt, or to obtain information concerning a consumer; and (g) failing to disclose in the initial communication with a consumer that Defendants are debt collectors attempting to collect a debt and that any information obtained will be used for that purpose, in violation of Sections 807(1-2, 4-5, 7, 10-11) of the FDCPA, 15 U.S.C. § 1692e(1-2, 4-5, 7, 10-11).

15.    On numerous occasions, in connection with the collection of debts, Defendants have communicated with third parties for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

16.    In numerous instances, in connection with the collection of debts, Defendants have failed to provide consumers, either in the initial communication with a consumer or in a written notice sent within five days after the initial communication, with statutorily-required information about the debt and the right to dispute the debt in violation of Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a).

17.    The Relief Defendant, Empowered Racing, has received, directly or indirectly, funds and other assets from Defendants in the amount of $92,000 that are traceable to funds obtained from consumers through Defendants' deceptive, abusive, and unlawful acts and practices described herein.

18.     Relief Defendant, Empowered Racing, is not a bona fide purchaser with legal and equitable title to funds or other assets obtained from consumers through Defendants' deceptive, abusive, and unlawful acts and practices described herein.  Relief Defendant will be unjustly enriched if it is not required to disgorge the funds or the value of the benefit it received as a result of Defendants' deceptive, abusive, and unlawful acts and practices.

19.     Relief Defendant, Empowered Racing, holds funds and assets in constructive trust for the benefit of consumers harmed by Defendants.

20.     Based on the record before this Court, the Court finds that there is no genuine issue as to any material fact, and the FTC is entitled to judgment as a matter of law against Defendants pursuant to Federal Rule of Civil Procedure 56.

21.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to issue injunctive and other relief against violations of the FTC Act and, in the exercise of its equitable jurisdiction, to award redress and restitution to remedy the injury to consumers, to order disgorgement of profits resulting from Defendants' unlawful acts or practices, and issue other ancillary equitable relief.

22.     The danger of future violations by Defendants justifies the issuance of injunctive relief.  Specifically, it is proper in this case to issue a permanent injunction that: (a) permanently bans Defendants from engaging in debt collection activities or assisting others who do; (b) prohibits Defendants from misrepresenting any fact material to a consumer's decision to purchase financial-related products or services; (c) prohibits Defendants from disclosing, using, or benefitting from customer information of any person that any Defendant obtained before the entry

of this Order in connection with the provision of debt collection products or services; and (d) provides such other ancillary relief as is necessary to assist the FTC and the Court in monitoring Defendants' compliance with such a permanent injunction.

23. Defendants have received at least $10,852,396 that was derived unlawfully from payments by consumers as a direct result of Defendants' violations of Section 5(a) of the FTC Act and the FDCPA.

24. It is proper in this case to enter a monetary judgment in the amount of $10,852,396 against Defendants, jointly and severally, as equitable monetary relief in the form of restitution, rescission of contracts, and disgorgement for their violations of Section 5 of the FTC Act and the FDCPA.

25. Because these funds were fraudulently derived, Defendants did not acquire good title to these funds.  Accordingly, Defendants held those funds in constructive trust on behalf of the injured consumers.

26. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies that may be provided by law, including both civil and criminal remedies.

27. Pursuant to Federal Rule of Civil Procedure 65(d) the provisions of this Order are binding upon each Defendant, their successors and assigns, and their officers, agents, employees, and attorneys, and upon those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

28. Entry of this Order is in the public interest.

**DEFINITIONS**

1.    "**Corporate Defendants**" means Federal Check Processing, Inc. (a New York corporation), Federal Recoveries, LLC (a New York limited liability company), Federal Processing, Inc. (a New York corporation), Federal Processing Services, Inc., (a New York corporation), United Check Processing, Inc. (a New York corporation), Central Check Processing, Inc. (a New York corporation), Central Processing Services, Inc. (a New York Corporation), Nationwide Check Processing, Inc., a/k/a National Processing Services (a Colorado Corporation), American Check Procesing, Inc., a/k/a American Check Processing, Inc. (a New York corporation), State Check Processing, Inc. (a New York corporation), Check Processing, Inc. (a New York corporation), US Check Processing, Inc., a/k/a U.S. Check Processing, Inc. (a New York Corporation), Flowing Streams, F.S., Inc. (a New York corporation), and their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

2.    "**Credit repair services**" means using any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of (i) improving any consumer's credit record, credit history, or credit rating, or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i).

3.    "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

4.     "**Debt collection activities**" means any activities of a debt collector to collect or attempt to collect, directly or indirectly, a debt owed or due, or asserted to be owed or due, another.

5.     "**Debt collector**" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  The term also includes any creditor who, in the process of collecting its own debts, uses any name other than its own which would indicate that a third person is collecting or attempting to collect such debts.  The term also includes any person to the extent such person receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt.

6.     "**Defendants**" means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

7.     "**Financial-related product or service**" means any product, service, plan, or program represented, expressly or by implication, to:

A.     provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, an extension of consumer credit;

B.     provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit repair services;

C.      provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, any secured or unsecured debt relief product or service;

8.      "**Individual Defendants**" means Mark Briandi and William Moses.

9.      "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

10.      **"Receiver"** means William J. Brown.

11.      **"Receivership Entities"** means the Corporate Defendants, and any successors, assigns, affiliates, and subsidiaries that conduct any business related to the Defendants' debt collection business and that the Receiver has reason to believe are owned or controlled in whole or in part by any of the Defendants.

12.      **"Relief Defendant"** means Relief Defendant Empowered Racing LLC (a New York limited liability company), and its successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

13.      "**Secured or unsecured debt relief product or service**" means, with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to: (A) negotiate, settle, or in any way alter the terms of payment or other terms of the mortgage, loan, debt, or obligation, including but not limited to, a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector; (B) stop, prevent, or postpone any mortgage

or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession; (C) obtain any forbearance or modification in the timing of payments from any secured or unsecured holder of any mortgage, loan, debt, or obligation; (D) negotiate, obtain, or arrange any extension of the period of time within which the person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral; (E) obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or (F) negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder. The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a person's application for the mortgage, loan, debt, or obligation.

14.   The terms "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

**ORDER**

**BAN ON DEBT COLLECTION ACTIVITIES**

I.     **IT IS THEREFORE ORDERED** that the Defendants, whether acting directly or through an intermediary, are permanently restrained and enjoined from:

    A.    Participating in debt collection activities; and

    B.    Advertising, marketing, promoting, offering for sale, selling, or buying, any consumer or commercial debt or any consumer information relating to a debt.

**PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES**

II.     **IT IS FURTHER ORDERED** that the Defendants and their officers, agents, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any financial-related product or service, are hereby permanently restrained and enjoined from:

    A.    Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

        1.    The terms or rates that are available for any loan or other extension of credit;

        2.    Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

3.   That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

4.   Any aspect of any secured or unsecured debt relief product or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such secured or unsecured debt relief product or service; the amount of time before which a consumer will receive settlement of that consumer's debts; or the reduction or cessation of collection calls;

5.   That a consumer will receive legal representation;

6.   That any particular outcome or result from a financial-related product or service is guaranteed, assured, highly likely or probable, or very likely or probable;

7.   The nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the consumer; and

8.   Any other fact material to consumers concerning any financial-related product or service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

B.      Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

**PROHIBITION AGAINST DISCLOSING CONSUMER INFORMATION**

III.    **IT IS FURTHER ORDERED** that the Defendants and their officers, agents, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from directly or indirectly:

A.      Failing to provide sufficient consumer information to enable the FTC to administer efficiently consumer redress.  If a representative of the FTC requests in writing any information related to redress, the Defendants must provide it, in the form prescribed by the FTC, within 14 days.

B.      Disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) of any person that any Defendant obtained prior to entry of this Order in connection with the collection or attempted collection of any debt.

C.    Failing to destroy such consumer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the FTC.

D.    **Provided, however,** that consumer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

**MONETARY RELIEF**

**IV.   IT IS FURTHER ORDERED** that

A.    Judgment in the amount of TEN MILLION, EIGHT HUNDRED FIFTY-TWO THOUSAND, THREE HUNDRED NINETY-SIX DOLLARS ($10,852,396) is entered in favor of the FTC against Defendants as equitable monetary relief, with post-judgment interest at the legal rate. Defendants are ordered to pay to the FTC $10,852,396.  Such payment must be made within fifteen (15) business days of entry of this Order by electronic fund transfer in accordance with the instructions provided by a representative of the FTC.   The monetary judgment set forth in this Section IV is enforceable against any asset owned jointly by, on behalf of, for the benefit of, or in trust by or for, any Defendant, whether held as tenants in common, joint tenants with or without the right of survivorship, tenants by the entirety, and/or community property.

B.    Judgment in the amount of NINETY-TWO THOUSAND DOLLARS ($92,000) is entered in favor of the FTC against Relief Defendant as equitable monetary relief, with post-judgment interest at the legal rate.

Relief Defendant is ordered to pay to the FTC $92,000.  Such payment must be made within fifteen (15) business days of entry of this Order by electronic fund transfer in accordance with the instructions provided by a representative of the FTC.  The monetary judgment set forth in this Section IV is enforceable against any asset owned jointly by, on behalf of, for the benefit of, or in trust by or for, the Relief Defendant, whether held as tenants in common, joint tenants with or without the right of survivorship, tenants by the entirety, and/or community property.

C.    All funds paid pursuant to this Order shall be deposited into a fund administered by the FTC or its agents to be used for equitable relief, including, but not limited to, consumer redress, any attendant expenses for the administration of redress, and to satisfy any Court authorized payments to the Permanent Receiver.  In the event that direct redress to consumers is wholly or partially impracticable, or funds remain after redress is completed, the FTC may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as equitable disgorgement. Defendants shall have no right to challenge the FTC's choice of remedies under this Section.  Defendants shall have no right to contest the manner of distribution chosen by the FTC.

D.   Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

E.   The judgment entered pursuant to this Section is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment, or forfeiture.

F.   In accordance with 31 U.S.C. § 7701, Defendants are hereby required, unless they have done so already, to furnish to the FTC their taxpayer identifying numbers and/or social security numbers, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of this Order.

G.   Pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any Defendant to the FTC, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## TURNOVER OF FROZEN ASSETS

**V.   IT IS FURTHER ORDERED** that:

A.   In partial satisfaction of the monetary judgment against Defendants set forth in Section IV of this Order, any financial or brokerage institution, escrow agent, title company, commodity trading company, business entity, or person, whether located within the United States or outside the United

States, that holds, controls or maintains accounts or assets of, on behalf of, or for the benefit of, any Defendant shall turn over such account or asset to the FTC within five (5) business days of receiving notice of this Order by any means, including but not limited to via facsimile.   In particular:

1.     All financial institutions holding accounts in the name of, or for the benefit of, any Receivership Entity within ten (10) business days from receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in such accounts, including, but not limited to:

  a.     Key Bank, N.A., shall, within ten (10) business days from receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds held in account number xxxxxxxx3216 in the name of William J. Brown, as Receiver for Federal Recoveries LLC;

  b.     RBS Citizens Bank, N.A., shall, within ten (10) business days from receipt of a copy of this Order, transfer to the Receiver or his designated agent, all funds, if any, in account numbers xxxx4466 in the name of Federal Recoveries, LLC, xxxx4695 in the name of Federal Processing Inc., xxxx5313 in the name of Federal Processing Inc., xxxx2614 in the name of Flowing Streams FS Inc., xxxx7188 in the name of Promised Land Properties, and xxxx6823 in the name of

Check Processing Inc.   These funds shall be considered assets of the receivership estate.

2. RBS Citizens Bank, N.A., shall, within ten (10) business days from receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, in account numbers xxxx7481 in the name of William D. Moses, xxxx1316 in the name of William D. Moses, and xxxx6491 in the name of William D. Moses.

3. Electronic Merchant Systems shall, within ten (10) business days from receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds held in account number xxxx1907 in the name of Federal Processing. These funds shall be considered assets of the receivership estate.

4. Billing Tree shall, within ten (10) business days from receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds held in account numbers xxxx3164 in the name of Federal Recoveries, LLC, and xxxx6310 in the name of Federal Recoveries, LLC. These funds shall be considered assets of the receivership estate.

5. Merchant-e Solutions shall, within ten (10) business days from receipt of a copy of this Order,  transfer to the Receiver or his designated agent all funds held in account number xxxx6310 in the name of US Federal Recoveries. These funds shall be considered assets of the receivership estate.

6.      M&T Bank shall, within ten (10) business days from receipt of a copy of this Order, transfer to the FTC or its designated agent all funds held in account number xxxx8213 in the name of William D. Moses.

7.      Lake Shore Savings Bank shall, within ten (10) business days from receipt of a copy of this Order, transfer to the FTC or its designated agent all funds held in account number xxxx7839 in the name of William D. Moses.

8.      KeyBank, N.A., shall, within ten (10) business days from receipt of a copy of this Order, transfer to the FTC or its designated agent all funds held in account number xxxx8840 in the name of William D. Moses.

9.      RBS Citizens Bank, N.A., shall, within ten (10) business days from receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in account numbers xxxx2681 in the name of Empowered Racing, LLC.

B.      In order to partially satisfy the monetary judgment set forth in Section IV of this Order, Defendant Mark Briandi shall, within ten (10) business days from receipt of a copy of this order, surrender to the Receiver in the manner the Receiver reasonably requests title to the 2014 Mercedes-Benz GL450 listed on the March 21, 2014 financial statement that Briandi provided to the FTC.  The vehicle shall be considered an asset of the receivership estate.

C.     In order to partially satisfy the monetary judgment set forth in Section IV of this Order, Defendant William Moses shall, within ten (10) business days from receipt of a copy of this order, surrender to the Receiver in the manner the Receiver reasonably requests title to the following vehicles listed on the March 20, 2014 financial statement that Defendant Moses provided to the FTC: (i) the 2011 Chevrolet Camaro; (ii) the 2013 Toyota Tundra; and (iii) the Motorcycle listed as having an acquisition cost of $8500 and a current value of $5000.  The vehicles shall be considered assets of the receivership estate.

D.     In order partially to satisfy the monetary judgment set forth in Section IV of this Order, each Defendant shall provide an accounting of, and turn over to the FTC, within fifteen (15) business days following the entry of this Order, up to the amount of the monetary judgment, all assets, real and personal, where ever located within the United States held either: (a) by such Defendant, (b) for such Defendant's benefit, or (c) under such Defendant's direct or indirect control, jointly or singly, including, but not limited to, all assets placed in trust by, for, for the benefit of, on account of, or on behalf of any Defendant.

E.     Defendants shall cooperate with the Receiver in the preparation and completion of any tax returns for the Receivership Entities which the Receiver may file.

**CONTINUATION OF RECEIVER**

**VI.** **IT IS FURTHER ORDERED** that William J. Brown shall continue as a permanent receiver over the Receivership Defendants with full powers of a permanent receiver, including but not limited to those powers set forth in the Stipulated Preliminary Injunction entered by the Court in this matter on March 24, 2014, and including full liquidation powers. The Receiver is directed to wind up the Receivership Defendants and liquidate all assets within 120 days after entry of this Order, but any party or the Receiver may request that the Court extend the Receiver's term for good cause. Upon termination of the receivership and final payment to the Receiver of all approved fees, costs, and expenses, the Receiver shall turn over to the FTC or its designated agent all remaining assets in the receivership estate.

**ORDER ACKNOWLEDGMENTS**

**VII.** **IT IS FURTHER ORDERED** that the Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, the Individual Defendants for any business that any of the Individual Defendants, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and the Receivership Defendants, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and

members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

C.   From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

VIII.   **IT IS FURTHER ORDERED** that the Defendants make timely submissions to the FTC:

A.   One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

1.   Each Defendant must:  (a) identify the primary physical, postal, and email and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with such Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which the Individual Defendant must describe if he

knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC;

2.      Additionally, each Individual Defendant must:   (a) identify all telephone numbers and physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which the Individual Defendant performs services whether as an employee or otherwise and any entity in which the Individual Defendant has any ownership interest; and (c) describe in detail the Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 20 years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Defendant must report any change in:   (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that such Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including:   creation, merger, sale, or

dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which the Individual Defendant performs services whether as an employee or otherwise and any entity in which the Individual Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C. Each Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington,

DC 20580. The subject line must begin: *FTC v. Federal Check Processing, et al.*, Matter Number X140029.

**RECORDKEEPING**

**IX.** **IT IS FURTHER ORDERED** that the Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, the Corporate Defendants and the Individual Defendants for any business in which the Individual Defendants, individually or collectively with any other Defendant, is a majority owner or directly or indirectly controls, must maintain the following records:

A.   Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.   Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.   Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.   All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E.   A copy of each advertisement or other marketing material.

## COMPLIANCE MONITORING

**X.**     **IT IS FURTHER ORDERED** that, for the purpose of monitoring the Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the FTC, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The FTC is also authorized to obtain discovery, without further leave of Court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the FTC is authorized to communicate directly with each Defendant.  The Defendants must permit representatives of the FTC to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to the Defendants or any individual or entity affiliated with the Defendants, without the necessity of identification or prior notice.  Nothing in this Order

limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning the Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## ENTRY OF JUDGMENT

XI.    **IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to defendants Federal Check Processing, Inc., Federal Recoveries, LLC, Federal Processing, Inc., Federal Processing Services, Inc., United Check Processing, Inc., Central Check Processing, Inc., Central Processing Services, Inc., Nationwide Check Processing, Inc., a/k/a National Processing Services, American Check Procesing, Inc., a/k/a American Check Processing, Inc., State Check Processing, Inc., Check Processing, Inc., US Check Processing, Inc., a/k/a U.S. Check Processing, Inc., Flowing Streams, F.S., Inc., Mark Briandi, and William Moses.

**RETENTION OF JURISDICTION**

**XII.    IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, this 12th day of October, 2016.


/s/William M. Skretny
William M. Skretny
United States District Judge